892 F.2d 82
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William C. GOSS; Lee Sprague, Plaintiffs-Appellants,
v.
PRENTICE-HALL, INC.; International Bureau of Software Test,
Defendants-Appellees.
 Nos. 88-2655, 88-2854.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 3, 1989.
Decided Dec. 11, 1989.
 
 Before NELSON, TROTT and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 William Goss and Lee Sprague appeal the dismissal of their claims that appellees International Bureau of Software Test (IBST) and Prentice-Hall, Inc. breached implied covenants to operate IBST profitably and to give them a management role in the company.[1]
 
 
 3
 The explicit terms of the Asset Purchase Agreement and the two employment contracts belie the existence of an implied covenant to operate IBST for short-term profits. Rather, the provisions governing the conditional payment, which was to be paid if the company did not incur specified operating loss, the parties' rights to terminate if profits dipped below specific levels, and the profit-based bonus arrangements represent considered gambles by the parties as to IBST's expected profit levels. Moreover, the clauses granting appellants a right of first refusal and mandating assumption of the employment agreements upon sale of IBST raise the possibility of a future sale and thus suggest goals other than the generation of short-term profits.
 
 
 4
 The cases upon which appellants rely are distinguishable from the present case. The land sale contract in Riess v. Murchinson, 503 F.2d 999 (9th Cir.1974), cert. denied, 420 U.S. 993 (1975), listed a specified purchase price, a substantial part of which, barring certain circumstances, was to be paid through water produced, saved, and sold from the land in question. The contract in Riess apparently gave no indication that the buyers planned to do anything other than make a good faith effort to produce, save, and sell water from the land. In fact, the buyers were obligated, again barring certain land-related conditions, to build a reservoir and pipelines to further such efforts. The buyers did in fact proceed to produce, save, and sell water--they just never accounted or paid for it.
 
 
 5
 In the present case, appellants were to receive a portion of the profits in addition to the amount of the purchase price--a far more speculative arrangement than that in Riess. Moreover, unlike the contract in Riess, the contracts in the present case do not suggest clear agreement on the buyers' expected course of action.
 
 
 6
 Foley v. U.S. Paving Co., 262 Cal.App.2d 499, 68 Cal.Rptr. 780 (1968), is also distinguishable. That case involved an employment contract under which an employee was to receive a percentage of the company's pre-tax profits in addition to his salary. The defendants, the two sole shareholders of the company and its principal officers, increased their salaries by more than 100% over a three year period, thus reducing the amount of the employee's bonus. The court concluded that the Foley defendants had "siphoned off the increasing benefits from the top without plaintiff's acquiescence or knowledge." 68 Cal.Rptr. at 785. In the present case, IBST never generated a profit. Moreover, as mentioned above, the contracts in the present case suggest the possibility of business strategies other than the generation of short-term profits, unlike the simple, straightforward contract in Foley.
 
 
 7
 As to appellant's second claim, the contractual provisions defining appellants' duties as those generally performed by executive officers in similar companies and conferring membership on the Board of Directors support implication of a covenant to give appellants a management role in the company. Under the contracts, however, appellants were "subject at all times" to the control of the Board, consisting entirely of appellees' representatives, and cannot demonstrate that they could have effectively countered appellees' business decisions. They thus cannot show any damages resulting from the alleged breach. This inability to demonstrate damages effectively defeats their claim.
 
 
 8
 Since the contracts at issue do not support implication of a covenant to generate short-term profits and since appellants have not demonstrated damages from appellees' alleged breach of a covenant to give them a management role in IBST, the district court's dismissal is
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.Rule 36-3
 
 
 [1]
 Appellants concede that their tort claim is barred by Foley v. Interactive Data Corp., 47 Cal.3d 654, 765 P.2d 373, 254 Cal.Rptr. 211 (1988). At oral argument, appellants' counsel attempted to refashion the management role claim into one alleging breach of an express contract. Since issues not raised before the trial court are generally not reviewed on appeal, see, e.g., Scott v. Pacific Maritime Ass'n, 695 F.2d 1199, 1203 (9th Cir.1983), we decline to consider this issue